(Reap. Dec. 10621)

HURRICANE IMPORT CO. (PERRYMAN, MOJONIER) ET AL. *v.* UNITED STATES

Entry No. 35806, etc.

(Decided November 13, 1963)

*Lawrence & Tuttle* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof cover merchandise entered or withdrawn from Customs warehouse for consumption after the effective date of the Customs Simplification Act of 1956 and was therefore appraised under Section 402(b) of the Simplification Act of 1936, Public Law 927, 84th Congress, 2nd Session; said merchandise not being identified in the Final List published in T.D. 54521.

2. That as to the merchandise shipped by the following from Japan:

> Hasegawa Shoten
>
> Inoue Seiren
>
> Yamaguchi-ken Sudare Kumiai

at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the entered unit values, net packed, or plus packing where packing is listed separately on the invoices as not being included in the entered unit values.

4. That the appeals for reappraisement set forth in Schedule "A", are submitted on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the involved merchandise shipped by Hasegawa Shoten, Inoue Seiren, and Yamaguchi-ken Sudare Kumiai and that such values were the entered unit values, net, packed, or plus packing where packing is listed separately on the invoices as not being included in the entered unit values.

Judgment will be entered accordingly.